# United States District Court

## SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

KIMBERLY GASKINS
a/k/a Kimberly Kleber

## CRIMINAL COMPLAINT

CASE NUMBER: 1:16-mj-745

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about October 20, 2016, in the Southern District of Indiana, defendant KIMBERLY GASKINS, who has previously been convicted of one or more felony offenses, did knowingly possess one or more firearm(s), to wit: a North American Arms Guardian .32 ACP; a North American Arms .22 Long Rifle Pistol ; a Colt .44; a Colt .38 Special; a Jukar muzzle loaded handgun; a Smith and Wesson .38 Special revolver; and a .22 caliber Springfield Armory rifle, in violation of Title 18, United States Code, Section 922(g)(1).

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

Leonard P. Rothermich, Special Agent
Federal Bureau of Investigation

**Sworn to before me, and subscribed in my presence**

October 21, 2016
**Date**

at   Indianapolis, Indiana

Debra McVicker Lynch, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

Exhibit A

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

Leonard P. Rothermich, being duly sworn under oath, states as follows:

## I. INTRODUCTION

1.      I am and have been employed as a Special Agent with the Federal Bureau of Investigation ["FBI"] since November of 2014.  Prior to that time, I spent 22 weeks training to be a Special Agent at the FBI Academy in Quantico, Virginia beginning on June 15, 2014.  Through the FBI, I have received extensive training related to the investigation of federal crimes to include violent crime and firearms offenses.  Prior to this, I spent five years on active duty in the United States Army as an officer in the Military Police Corps. I am currently assigned to the FBI Violent Crime Task Force ["VCTF"] in the Indianapolis Field Office of the FBI.  In this assignment, I investigate all manner of violent crime, to include armed commercial robberies and firearm related offenses.

2.      In connection with my law enforcement duties, I investigate criminal violations of federal firearms and narcotics laws, including but not limited to, I investigate criminal violations of the federal drug laws, including, but not limited to Title 21, United States Code, Sections 841, 843, 846, and 848; money laundering laws, including Title 18, United States Code, Sections 1956 and 1957; and firearm laws, including Title 18, United States Code, Sections 922 and 924.  I have received training in the enforcement of laws concerning controlled substances from the Federal Bureau of Investigation and Indianapolis Metropolitan Police Department.  I have testified in judicial proceedings and prosecutions for violations of firearms and controlled substances laws.

I have also been involved in various types of electronic surveillance and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and the laundering and concealing of proceeds from drug trafficking. I have participated in investigations involving the manufacturing, trafficking, and distribution of illegal drugs. As an FBI Special Agent, I have utilized, and am therefore familiar with the following investigative techniques: consensual and court-ordered electronic surveillance, to include Title III electronic wiretaps; physical surveillance; pole or other covert camera surveillance; trash covers; the development and operation of informants; the execution of search warrants; consent searches; undercover agent operations; Global Positioning Systems; parcel package drug interdiction; motel drug interdiction; highway drug interdiction; and the debriefing of defendants, witnesses, informants, and others who have knowledge of drug trafficking and of the laundering and concealing of proceeds from drug trafficking. I have received specialized training in the utilization of these investigative techniques, and have also received specialized training regarding the investigation of criminal gangs and other criminal enterprises.

3.      I know from my training and experience that individuals involved in the trafficking of controlled substances often maintain possession and control of firearms to attempt to protect themselves and their illegal controlled substances enterprise (that is, both their drugs and drug proceeds). Furthermore, drug traffickers will utilize those firearms as a means to intimidate or ensure the loyalty of their associates and/or subordinates and to prevent those with intimate knowledge of the organization from disclosing information to law enforcement.

4.      I am an "investigative or law enforcement officer" within the meaning of Section 2510(7) Title 18 United States Code, that is, an officer of the United States who is empowered by

2

law to conduct investigations of, and to make arrests for, offenses numerated in Section 2516 of Title 18, United States Code.

5.     This affidavit is submitted in support of a Complaint charging KIMBERLY GASKINS a/k/a KIMBERLY KLEBER ("GASKINS") with seven counts of possession of a firearms in violation of Title 18, United States Code 922(g)(1).

6.     The statements contained in this Affidavit are based in part on my experience and background as a Special Agent of the FBI, information provided by, and conversations held with other law enforcement officers, including Special Agents of the FBI, officers of the Indiana Metropolitan Police Department (IMPD), others described below, and a review of reports and database records.

7.     I have not included each and every fact that has been revealed through the course of this investigation. I have set forth only the facts that are believed to be necessary to establish the required foundation for this issuance of the requested Arrest Warrant.

## II. FACTS AND CIRCUMSTANCES

8.     **GASKINS** is a white female with the date of birth XX-XX-1972 who resides at ▬▬▬▬▬▬▬▬, Indianapolis, Indiana (hereafter TARGET RESIDENCE).

9.     A criminal history records check revealed that GASKINS has been convicted of the following felonies: Possession of a Controlled Substance; Battery Resulting in Bodily Injury; Possession of Marijuana; Possession of Methamphetamine; and Criminal Recklessness. GASKINS' most recent felony conviction occurred in 2010.

3

## III.  SEARCH WARRANT OF ▮▮▮▮▮▮▮

10.    On October 20, 2016 two federal search warrants were executed at the TARGET RESIDENCE (that is, GASKINS' residence of several years, ▮▮▮▮▮▮▮▮▮ Indianapolis, Indiana). The first search warrant authorized law enforcement personnel to search the TARGET RESIDENCE for firearms and/or ammunition. After observing drug paraphernalia in plain sight upon entrance to the residence, a second federal search warrant was authorized to allow investigators to search for illegal narcotics and other items associated with drug trafficking.

11.    During a search of the TARGET RESIDENCE, seven firearms were located in GASKINS' private living space located on the second floor of the residence, a portion of GASKINS' residence to which only she has access. These firearms are further described as: a North American Arms Guardian .32 ACP; a North American Arms .22 Long Rifle Pistol ; a Colt .44; a Colt .38 Special; a Jukar muzzle loaded handgun; a Smith and Wesson .38 Special revolver; and a .22 caliber Springfield Armory rifle. Six of the firearms were handguns, and one was a rifle found in the northwest corner of her bedroom between the wall and GASKINS' dresser. Two of the small handguns, both manufactured by North American Arms, were located in GASKINS' closet with the majority of her clothes, jewelry, and other personal items. The North American Arms Guardian .32 ACP had a loaded magazine halfway in the magazine well, but there was no round in the chamber. An additional four handguns were found in a black duffle bag in a separate closet near GASKINS' bed. The closet next to her bed also contained GASKINS' clothes and jackets. The four handguns located in the duffle bag included a Colt .44; a Colt .38 Special; a Jukar muzzle loaded handgun; and a Smith and Wession .38 Special revolver. A box of ammunition was located in a downstairs room that appeared to match the firearms in the duffle

4

bag. Based on my training and experience, I know that all seven of these firearms were manufactured outside the State of Indiana.

12.     During a post-*Miranda* statement following the execution of the search warrant, GASKINS told investigators that she was aware she was in possession of firearms in her residence, and that the firearms in a black bag belonged to her father. During that same statement, GASKINS also confirmed that the TARGET RESIDENCE is her place of residence. Additionally, subpoena results received from Indianapolis Power and Light (IPL) and Citizens Energy show that Kimberly KLEBER (GASKINS) has been the primary customer at the TARGET RESIDENCE since October 2012.

13.     In addition to the firearms in the residence, investigators found a broken methamphetamine pipe next to the two firearms in GASKINS' closet, as well as multiple boxes of ammunition, and a large scale. I know from my training and experience that scales such as the one that was located in the closet behind GASKINS' clothes are often used to weigh illegal narcotics before distributing them to customers.

14.     Investigators also located suspected methamphetamine in a clear plastic bag behind a marriage certificate in a hidden void in the wall at the top of the stairs in GASKINS' private living space. A glass methamphetamine pipe was found in the right dresser drawer in GASKINS' bedroom, as well as some suspected heroin found next to the window on the north wall in GASKINS' bedroom. Some marijuana, a marijuana pipe, and a small digital scale were also found in the left dresser drawer in GASKINS' bedroom.

15.     In addition to the items described above, investigators found a stolen white enclosed trailer and industrial pressure washer in the back yard of the TARGET RESIDENCE. This stolen property, valued at several thousand dollars, was returned to the rightful owner.

## IV.
## CONCLUSION

16.     Based upon my training and experience and the facts set forth herein, I submit that probable cause exists for the arrest of **KIMBERLY GASKINS a/k/a KIMBERLY KLEBER** for possessing firearms as a previously convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

Leonard P. Rothermich
Special Agent,
Federal Bureau of Investigation

Signed and subscribed to before me
on this 21st day of October, 2016.

Debra McVicker Lynch
United Stated District Judge
Southern District of Indiana